IN THE SUPREME COURT OF THE STATE OF DELAWARE

JOSEPH E. JONES, § 
§ No. 316, 2024
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware
v. §
§ Cr. ID No. 1712008278 (N)
STATE OF DELAWARE, §
§
Appellee. §

Submitted: November 4, 2024
Decided: December 9, 2024

Before **SEITZ**, Chief Justice; **LEGROW** and **GRIFFITHS**, Justices.

## **ORDER**

Upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the record below, it appears to the Court that:

(1) The appellant, Joseph E. Jones, filed this appeal from the Superior Court's denial of a motion for correction of sentence under Rule 35 of the Superior Court Rules of Criminal Procedure. The State has moved to affirm the judgment below on the ground that it is manifest on the face of Jones's opening brief that his appeal is without merit. We agree and affirm.

(2) A grand jury indicted Jones for three counts of first-degree rape; one count of first-degree unlawful sexual contact; one count of first-degree sexual abuse of a child by a person in a position of trust, authority, or supervision; and one count

of continuous sexual abuse of a child. The indictment alleged that the conduct from which the charges arose occurred between January 26, 2016, and December 6, 2017. The victim, Jones's daughter, was between seven and eight years old during that period.

(3) Jones resolved the charges by pleading guilty to continuous sexual abuse of a child. Title 11, Section 776 of the Delaware Code defines the crime of continuous sexual abuse of a child and provides that it is a class B felony.[1] Unless provided otherwise, class B felonies are subject to a sentencing range of two to twenty-five years.[2] Section 4205A provides for enhanced sentencing for certain sexual offenses, however. Since August 3, 2016, Section 4205A has provided that the sentence for continuous sexual abuse of a child is "not less than 25 years up to life imprisonment" if the victim is a child under the age of fourteen.[3]

(4) In the plea agreement, Jones agreed that he was subject to sentencing under Section 4205A because the victim was under the age of fourteen. The truth-

---

[1] *See* 11 *Del. C.* § 776(a) ("A person is guilty of continuous sexual abuse of a child when, either residing in the same home with the minor child or having recurring access to the child, the person intentionally engages in 3 or more acts of sexual conduct with a child under the age of 18 years of age [sic] over a period of time, not less than 3 months in duration."); *id.* § 776(d) ("Continuous sexual abuse of a child is a class B felony.").

[2] 11 *Del. C.* § 4205(b)(2).

[3] 11 *Del. C.* § 4205A(a)(2) (versions effective Aug. 3, 2016, to June 30, 2018, and July 1, 2018, to present). The indictment alleged that the abuse occurred between January 26, 2016, and December 6, 2017. As further discussed below, Section 4205A was amended effective August 3, 2016, to include continuous sexual abuse of a child among the offenses subject to sentencing under Section 4205A.

in-sentencing form that Jones signed in connection with the guilty plea stated that he faced a potential penalty of twenty-five years to life. During the plea colloquy, Jones stated that he understood that he was facing a minimum-mandatory sentence of twenty-five years and up to life in prison. The Superior Court sentenced Jones to fifty years of imprisonment, suspended after forty years for decreasing levels of supervision.

(5) Jones did not file a direct appeal, but he has filed several motions challenging his sentence. In this appeal, he seeks review of the Superior Court's July 12, 2024 order denying a motion to correct an illegal sentence. We review the denial of a motion under Rule 35(a) for abuse of discretion.[4] To the extent that the claim involves a question of law, we review the claim *de novo*.[5] A sentence is illegal if it exceeds statutory limits, violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[6]

(6) Count VI of the original indictment, alleging continuous sexual abuse of a child under 11 *Del. C.* § 776(a), stated that the victim was a child under the age of eighteen and did not mention Section 4205A. Jones signed the plea agreement on

---

[4] *Fountain v. State*, 2014 WL 4102069, at *1 (Del. Aug. 19, 2014).
[5] *Id.*
[6] *Brittingham v. State*, 705 A.2d 577, 578 (Del. 1998).

July 17, 2018. On August 16, 2018, the day of the plea hearing, the State amended the continuous sexual abuse count of the indictment to state that the victim was under the age of fourteen. Jones argues that the sentence imposed under Section 4205A is illegal because he did not agree to the amendment of the indictment; when he signed the plea agreement in July 2018, the indictment had not yet been amended, and the enhanced sentence therefore was not part of the plea agreement; and he was not informed at the plea hearing that he would be subject to sentencing under Section 4205A.

(7) Jones's arguments are without merit. The record is clear that Jones pleaded guilty to continuous sexual abuse of a child under the age of fourteen, subject to enhanced sentencing under Section 4205A. The plea agreement that Jones signed stated: "Defendant agrees that he is subject to sentencing pursuant to 11 Del. C. 4205A due to the fact that the victim of the instant offense is a child less than 14 years of age."[7] The truth-in-sentencing guilty plea form that Jones signed stated that the statutory penalty range of incarceration and the "total consecutive maximum penalty" were "25-life" and that the minimum-mandatory sentence was twenty-five years.[8] At the plea hearing, the prosecutor stated that Jones had agreed that he was subject to sentencing under Section 4205A because the victim was less than fourteen

---

[7] Motion to Affirm Exhibit C.
[8] *Id.*

4

years old.[9]  Defense counsel agreed that the prosecutor had accurately represented the plea agreement.[10]  The court asked Jones if he understood that he could be sentenced to life in prison and that the first twenty-five years were mandatory, and he responded that he did.[11]  As to the facts of Jones's crime, the court asked Jones whether, between January 26, 2016, and December 6, 2017, "while residing in the same home with a minor child, and had [sic] recurring access to the child, intentionally engaged in three or more acts of sexual contact with the child who was under the age of 14 at the time?"[12]  Jones responded affirmatively.[13]  At no time between the court's acceptance of his guilty plea and sentencing—nor at the sentencing itself—did Jones indicate that he had not intended to plead guilty to continuous sexual abuse of a child under the age of fourteen or had not understood that Section 4205A applied.

---

[9] *Id.* Exhibit D, at 3:1-6.

[10] *Id.* at 4:3-4.

[11] *Id.* at 6:4-7.

[12] *Id.* at 6:18-7:1.

[13] *Id.* at 7:2.  Because the record is clear that Jones pleaded guilty to continuous sexual abuse of a child under the age of fourteen, Jones's reliance on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), is misplaced.  In *Apprendi*, the United States Supreme Court held that a New Jersey law that allowed a judge to find, by a preponderance of the evidence, a fact that increased the sentencing range for the underlying criminal offense to which the defendant pleaded guilty was unconstitutional.  *Apprendi*, 530 U.S. at 468-69, 497.  Unlike Jones, the defendant in *Apprendi* did not plead guilty to the factual element that would authorize enhanced sentencing.  *Apprendi*, 530 U.S. at 469-71; *see also Alleyne v. United States*, 570 U.S. 99 (2013) (holding that judicial fact finding as to an element that increased the mandatory minimum sentence for a crime violated the defendant's Sixth Amendment rights).

(8)     On this record, Jones's complaint about when the indictment was amended in relation to when Jones signed the plea agreement is unavailing.  Jones clearly knew—both when he signed the plea agreement and when the Superior Court accepted his plea—that he was pleading guilty to continuous sexual abuse of a child under the age of fourteen and that the potential penalty was twenty-five years to life in prison.  The Superior Court imposed a sentence for continuous sexual abuse of a child that was authorized by Section 4205A.

(9)     To the extent Jones argues that his sentence is illegal because the amended indictment did not explicitly cite Section 4205A, we disagree.  The amended indictment (i) alleged that Jones violated Section 776 and (ii) alleged facts constituting a violation of Section 776 that would be subject to the sentencing range established by Section 4205A.  And, again, the record is clear that when Jones pleaded guilty, he knew that he was accepting responsibility for continuous sexual abuse of a child under the age of fourteen and that the applicable sentencing range was twenty-five years to life under Section 4205A.  The indictment put Jones on notice of and alleged the elements of the crime to which Jones pleaded guilty— including the element that subjected him to enhanced sentencing—and he is not entitled to relief under Rule 35(a).[14]

---

[14] *Cf. King v. State*, 2020 WL 6266922, at *1 & n.2 (Del. Oct. 22, 2020) (stating that "King's challenges to his indictment are outside the limited scope of Superior Court Criminal Rule 35(a)"

NOW, THEREFORE, IT IS ORDERED that the Motion to Affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ N. Christopher Griffiths*
Justice

---

and "[i]n any event, the indictment pleaded the elements" of the charge to which the defendant pleaded guilty).